82 F.3d 418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Reginald LINDSAY, Plaintiff-Appellant,
v.
Ronald EDWARDS, et al., Defendants-Appellees.
 No. 95-3760.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1996.
 
 1
 Before: KENNEDY and COLE, Circuit Judges, and ALDRICH, District Judge.*
 
 ORDER
 
 2
 This pro se Ohio state prisoner appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking a declaratory judgment and monetary damages, Reginald Lindsay sued the warden of Ohio's Ross Correctional Institution (Ronald Edwards) and four Ross Correctional Institution (RCI) employees (Albert Kerns, Mike Warrens, Tammy Beam, and Laura Hedges) in their individual capacities.
 
 
 4
 In his original complaint, Lindsay claimed that the defendants violated his constitutional rights by finding him guilty of a rules infraction and by seizing or destroying his property without affording him due process. The district court granted defendants' motion to dismiss the complaint against defendants Warrens, Kerns and Warden Edwards with respect to the conduct of those defendants. The district court also granted Lindsay's motion to file an amended complaint. In his amended complaint, Lindsay named corrections officers Beam and Hedges. Lindsay claimed that: 1) defendants Beam and Hedges conducted unreasonable searches of his cell; 2) defendants Beam and Hedges retaliated against him for filing suit in another case; and 3) defendant Edwards explicitly authorized Beam and Hedges to harass and intimidate him.
 
 
 5
 Upon consideration of the defendants' motion for summary judgment, the district court entered a judgment for defendants. Lindsay appeals that judgment.
 
 
 6
 In his timely appeal, Lindsay reasserts the claims he set forth in the district court.
 
 
 7
 On appeal, this court reviews a judgment granting summary judgment de novo and uses the same test as used by the district court. Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993); Deaton v. Montgomery County, Ohio, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993). The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); LaPointe, 8 F.3d at 378. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 252.
 
 
 8
 Upon review, we conclude that the district court properly granted summary judgment in favor of the defendants. Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the district court's judgment dated June 13, 1995.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation